CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 2 2 2006

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| DONALD BANKS, | ) | |
|     Petitioner, | ) | Civil Action No.7:06cv00287 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| GENE JOHNSON, | ) | By: Samuel G. Wilson |
|     Respondent. | ) | United States District Judge |

Petitioner Donald Banks brings this 28 U.S.C. § 2254 petition, challenging the imposition of a previously suspended sentence in the Circuit Court of the City of Lynchburg. Banks alleges that he was denied effective assistance of counsel at his probation revocation hearing and that his admission to violating the terms of his probation at that hearing was involuntary. This matter is before the court on the respondent's motion to dismiss. The court finds that Banks' claims are procedurally defaulted and, therefore, grants the respondent's motion.

## I.

Banks was convicted on two counts of assault and battery on a family member, on February 4, 2004 and May 25, 2004, respectively, in the Circuit Court of the City of Lynchburg. He was sentenced cumulatively to two years and three months, of which all but five months was suspended. After serving his term of incarceration, Banks was released from jail. However, on April 4, 2005, after Banks admitted to violating the terms of his probation, the court revoked Banks' probation and imposed the full previously suspended term of one year and ten months.

Banks did not file an appeal following his probation revocation. However, he did file a petition for a writ of habeas corpus in the Circuit Court for the City of Lynchburg alleging ineffective assistance of counsel at the probation revocation proceeding. His petition was dismissed, and he did not appeal that decision.

In his § 2254 motion, Banks claims that his admission to the probation violation was involuntary because counsel at that proceeding was not licensed to practice law in the Commonwealth of Virginia and, thus, could not properly advise Banks as to his rights or the implications of his admission. For the same reasons, Banks also alleges counsel provided ineffective assistance.

## II.

Banks' claims were not properly exhausted in the Virginia state courts,[1] and are therefore, simultaneously exhausted and defaulted under Teague v. Lane, 489 U.S. 288, 297-99 (1989). As Banks has not demonstrated cause and prejudice to excuse his procedural default, the court must dismiss his petition for relief.

## III.

For the foregoing reasons, the court grants respondent's motion to dismiss.

ENTER: This 22 day of August, 2006.

UNITED STATES DISTRICT JUDGE

---

[1] A petitioner must present his federal claims to the appropriate state court in the manner required by the state court, so as to give the state courts "a meaningful opportunity to consider allegations of legal error." Vasquez v. Hillary, 474 U.S. 254, 257 (1986). Accordingly, those claims must be raised at every appellate level or must be specifically addressed by the state's highest court. See Castille v. Peoples, 489 U.S. 346, 351 (1989)(noting that merely presenting the claims to the state's highest court for discretionary review does not satisfy the exhaustion requirement). Banks concedes that he did not appeal his probation revocation nor did he raise any of the instant claims in a habeas petition to the Supreme Court of Virginia. Therefore the claims were not properly presented to the state court and are thus, barred from federal habeas review.